UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPHINE ARTUS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>　　　　Defendants. | Case No.  5:16-cv-03322-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

In one of several similar cases filed in this district, Plaintiff Josephine Artus ("Plaintiff") brings this action against several defendants including TD Bank USA, National Association ("TD Bank") for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.25(a).

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331.  TD Bank now moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 26.  Plaintiff opposes the motion.  This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Having carefully considered the pleadings filed by the parties,[1] the court has determined the Motion to Dismiss should be granted for the reasons explained below.

**I.   BACKGROUND**

Plaintiff alleges she filed for Chapter 13 bankruptcy protection on August 13, 2015, and

---

[1]   Civil Local Rule 7-3(d) states that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," save for any objections to reply evidence or statements of recent decision which "bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed."

TD Bank's pleading filed on January 18, 2017 (Dkt. No. 71), complies with Rule 7-3(d) and has been considered by the court.  Plaintiff's administrative motion to respond to that pleading (Dkt. No. 72) is DENIED because the court can determine for itself the applicability of the new decisions cited therein.  The court has not considered Plaintiff's "Notice of Contrary Case Law" (Dkt. No. 66) because it does not fall within one of the post-reply exceptions to Rule 7-3(d).

1
Case No.: 5:16-cv-03322-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

states that a financial reorganization plan was confirmed in her bankruptcy case on October 5, 2015. Compl., Dkt. No. 1, at ¶ 5. Thereafter, Plaintiff ordered a "three bureau report from Experian Information Solutions, Inc. to ensure proper reporting by Plaintiff's creditors" on December 3, 2015. Id. at ¶ 6. The report allegedly showed "several tradelines all reporting misleading and inaccurate account information." Id. at ¶ 7. As to TD Bank, Plaintiff alleges it was reporting her account "owing both a balance of $253.00 and a past due balance of $253.00, despite a Bankruptcy Court Order stating that $0.00 is owed and that the Chapter 13 Bankruptcy Trustee's accounting indicates that $0.00 is owed."[2] Id. at ¶ 12.

In response to the report, Plaintiff alleges she disputed the tradelines with each of the credit reporting agencies ("CRAs"), whom she believes notified TD Bank of the dispute. Id. at ¶¶ 13, 14. She alleges that TD Bank "failed to conduct a reasonable investigation and continued to falsely report" inaccurate account information even after being notified of the inaccuracy. Id. at ¶ 15.

Plaintiff filed the Complaint underlying this action on June 15, 2016. This motion followed.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v.

---

[2] Plaintiff mentions TD Bank in paragraphs 11 and 12 of the Complaint as reporting different debts on different accounts. For that reason, it is unclear exactly which allegation applies to TD Bank. For the purposes of this Order, the court presumes the second paragraph applies since it mentions only TD Bank.

Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal 556 U.S. at 678.

Also, the court generally does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

## III.   DISCUSSION

Although the FCRA generally prohibits "[a] person" from furnishing information "relating to a consumer" to any consumer reporting agency "if the person knows or consciously avoids knowing that the information is inaccurate," a consumer cannot sue a furnisher based simply on the communication of inaccurate information. 15 U.S.C. § 1681s-2(a); see Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002). Instead, a consumer has a private right of action against a furnisher if, after receiving notice that information is disputed, the furnisher fails to reasonably undertake one of the following duties: "conduct an investigation with respect to the disputed information," "review all relevant information provided by the consumer reporting agency," "report the results of the investigation to the consumer reporting agency," and "if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." 15 U.S.C. § 1681s-2(b).

Consequently, "[t]o state a claim under the FCRA, a plaintiff must show that: (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to

3

investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1)(A)-(E)." Corns v. Residential Credit Solutions, Inc., No.: 2:15-cv-1233-GMN-VCF, 2016 U.S. Dist. LEXIS 27864, at *4 (D. Nev. Mar. 3, 2016).

TD Bank argues initially that Plaintiff's FCRA claim fails under Spokeo Inc. v. Robins, 136 S. Ct. 1540 (2016), because the Complaint does not disclose an actual injury from its alleged violation of § 1681s-2(b). The court disagrees that this lack of specification is fatal to the claim. In Spokeo, the United States Supreme Court held that "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" 136 S. Ct. at 1548. The Court also explained that an injury is "concrete" for Article III standing if it is de facto such that "it must actually exist;" it must be "'real,' and not 'abstract.'" Id. In the context of a statutory violation, a plaintiff cannot simply "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." Id. at 1549.

Here, "the purpose of the FCRA . . . is 'to protect consumers from the transmission of inaccurate information about them.'" Carvalho, v. Equifax Info. Servs., LLC, 615 F.3d 1217, 1230 (9th Cir. 2010) (quoting Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1157 (9th Cir. 2009)). By providing a private cause of action for violations of § 1681s-2(b), "Congress has recognized the harm such violations cause, thereby articulating a 'chain[ ] of causation that will give rise to a case or controversy.'" Syed v. M-I, LLC, No. 14-17186, 2017 U.S. App. LEXIS 1029, at * 10, 2017 WL 242559 (9th Cir. Jan. 20, 2017) (citing Spokeo, 136 S. Ct. at 1549). Since Plaintiff alleges that TD Bank was notified that its credit reporting was inaccurate and failed to undertake one of its duties under §1681s-2(b), she has not merely alleged a "bare procedural violation" but rather a harm the court finds sufficiently concrete based on Congress' intent in enacting the FCRA. See Keller v. Experian Info. Solutions, Inc., No. 16-CV-04643-LHK, 2017 U.S. Dist. LEXIS 5735, at *10-11, 2017 WL 130285 (N.D. Cal. Jan. 13, 2017). Accordingly, TD Bank's dismissal argument based on Spokeo is rejected.

TD Bank also argues that Plaintiff's allegations fail to state a plausible FCRA claim

because it is not "incomplete or inaccurate" under §1681s-2(b) to report owed or missed payments during the pendency of a bankruptcy proceeding. To satisfy the first element of a § 1681s-2(b) claim, a complaint's allegations must dispute *facts* underlying a purported inaccuracy; the presentation of *legal defenses* to payment will not suffice. See Chiang v. Verizon New Eng. Inc., 595 F.3d 26, 38 (1st Cir. 2010) ("[J]ust as in suits against CRAs [under § 1681i], a plaintiff's required showing [under §1681s-2(b)] is factual inaccuracy, rather than the existence of disputed legal questions" because "[l]ike CRAs, furnishers are 'neither qualified nor obligated to resolve' matters that 'turn[] on questions that can only be resolved by a court of law.'"); see also Carvalho, 615 F.3d at 1230 ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."); see also Hernandez v. Wells Fargo Home Mortg., No. 2:14-CV-1500 JCM (VCF), 2015 U.S. Dist. LEXIS 34170, at *6, 2015 WL 1204985 (D. Nev. Mar. 16, 2015). Notably, however, "a credit entry can be 'incomplete or inaccurate' within the meaning of the FCRA 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" Gorman, 584 F.3d at 1163 (quoting Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th Cir. 1998)).

      In light of this authority, the court concurs with TD Bank that Plaintiff's allegations fail. The judges of this district, including the undersigned, have held the FCRA does not prohibit the accurate reporting of debts that were delinquent during the pendency of a bankruptcy action, even after those debts have been discharged, so long as the bankruptcy discharge is also reported if and when it occurs. See Biggs v. Experian Info. Solutions, Inc., No. 5:16-cv-01507-EJD, 2016 U.S. Dist. LEXIS 130742, at *5-9, 2016 WL 5235043 (N.D. Cal. Sept. 22, 2016); see also Doster v. Experian Info. Solutions, Inc., No. 16-CV-04629-LHK, 2017 U.S. Dist. LEXIS 8412, at *12-19, 2017 WL 264401 (N.D. Cal. Jan. 20, 2017) (Koh, J.); see also Mortimer v. Bank of America, N.A., No. C-12-01959 JCS, 2013 U.S. Dist. LEXIS 2993, at *16-18, 2013 WL 1501452 (N.D. Cal. Jan. 3, 2013) (Spero, J.); see also Mortimer v. JP Morgan Chase Bank, N.A., No. C 12-1936

CW, 2012 U.S. Dist. LEXIS 108576, at *9, 2012 WL 3155563 (N.D. Cal. Aug. 2, 2012) (Wilken, J.) ("While it might be good policy in light of the goals of bankruptcy protection to bar reporting of late payments while a bankruptcy petition is pending, neither the bankruptcy code nor the FCRA does so."); see also Giovanni v. Bank of America, N.A., No. C 12-02530 LB, 2012 U.S. Dist. LEXIS 178914, at *14-16, 2012 WL 6599681 (N.D. Cal. Dec. 18, 2012) (Beeler, J.).

As this court previously explained in reference to earlier district court orders on this topic:

> [T]he import of these decisions is recognition that the mere filing of a voluntary bankruptcy petition does not erase or invalidate debts, nor does that act excuse the debtor from making timely payments on his or her outstanding accounts. If anything, the filing of a bankruptcy petition only imposes a limit on a creditor's ability to collect on a debt. But the debt and its delinquent status still exist, and it is not inaccurate or misleading to report that information to a CRA.

Biggs, 2016 U.S. Dist. LEXIS 130742, at *6 (internal citations omitted).

This remains true even after a reorganization plan is confirmed under 11 U.S.C. § 1327. While the court acknowledges that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan" (11 U.S.C. § 1327(a)), and preclude "a creditor from asserting, after confirmation, any other interest than that provided for it in the confirmed plan" (In re Pardee, 218 B.R. 916, 925 n.9 (9th Cir. B.A.P. 1998)), confirmation of a reorganization plan cannot be equated with a bankruptcy discharge, mainly because not every confirmation ultimately results in a discharge. The bankruptcy court may discharge the trustee only after the debtor "complies with his obligations under the confirmed plan and makes all of the required payments;" if that occurs, the debtor obtains an injunction against creditors' ability to proceed against him or her personally. In re Blendheim, 803 F.3d 477, 487, 493 (9th Cir. 2015) (citing 11 U.S.C. § 350(a)). "Many debtors, however, fail to complete a Chapter 13 plan successfully, often because they cannot make payments on time." Id. "Recognizing this, the Bankruptcy Code permits debtors who fail to complete their plans to convert their Chapter 13 case to a case under a different chapter, or dismiss their case entirely . . . . But importantly, upon

dismissal or conversion of a case, a debtor loses any benefits promised in exchange for the successful completion of the plan," such as a discharge injunction. Id.

Like others that have preceded her, Plaintiff has not convincingly shown that the mere approval of a reorganization plan by the bankruptcy court has the legal consequence of erasing any pre-petition debts, such that it is either "patently incorrect" or misleading for furnishers to report those debts as having a balance owed, past due or otherwise, during the pendency of the bankruptcy. See Gorman, 584 F.3d at 1163. This is so because Plaintiff did not allege that the bankruptcy court has granted her a discharge, and the success of her reorganization plan is still uncertain. Consequently, this court finds that TD Bank cannot be held liable under § 1681s-2(b) based solely on what is stated in the Complaint. Specifically, the first element of a FCRA claim is unsatisfied because Plaintiff has not plausibly alleged that TD Bank furnished an inaccurate or misleading account balance, or that the balance-owed or past-due designation is inaccurate or misleading because it somehow fails to account for her confirmed reorganization plan.

Plaintiff's arguments in opposition have been uniformly rejected. See, e.g., Biggs, 2016 U.S. Dist. LEXIS 130742, at *9-11; see also Adkins v. Experian Info. Solutions, Inc., No. 5:16-cv-02150-EJD, 2016 U.S. Dist. LEXIS 140216, at *9-10, 2016 WL 6841700 (N.D. Cal. Oct. 7, 2016). First, Plaintiff cites to United States Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 275 (2010), for the proposition that "creditors who receive notice of a chapter 13 plan are bound by the terms if confirmed." To the extent the case contains such a holding, the court does not dispute that concept and, indeed, has recognized it above. But it provides no support to Plaintiff's claim under § 1681s-2(b) because the issue presented by this case is not whether noticed creditors are bound by a confirmed plan under § 1327; instead, the issue is whether it is inaccurate or misleading for a furnisher to report a balance-owed or past-due balance solely because a reorganization plan has been confirmed. Because the language that governs such plans, § 1327, describes no effect to the existence or status of a debt upon plan confirmation, the court has answered that question in the negative.

Second, Plaintiff compares her allegations to other cases involving a furnisher's failure to

7
Case No.: 5:16-cv-03322-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

report certain information as disputed, such as <u>Wang v. Asset Acceptance LLC</u>, No. C 09-04797 SI, 2010 U.S. Dist. LEXIS 91946, 2010 WL 2985503 (N.D. Cal. July 27, 2010), a furnisher's failure to report a debt as discharged, such as <u>Venugopal v. Digital Federal Credit Union</u>, No. 5:12-CV-06067 EJD, 2013 U.S. Dist. LEXIS 43829, 2013 WL 1283436 (N.D. Cal. Mar. 27, 2013), and a furnisher's reporting of inconsistent information some of which is negative to the debtor, such as <u>Grantham v. Bank of America, N.A.</u>, No. CV12-1960 MEJ, 2012 U.S. Dist. LEXIS 167439, 2012 WL 5904729 (N.D. Cal. Nov. 26, 2012). These cases are inapposite because Plaintiff does not allege that TD Bank failed to report the debt as disputed or discharged in a manner similar to <u>Wang</u> and <u>Venugopal</u>, and does not identify inconsistent account information as was done in <u>Grantham</u>. Consequently, these cases do not assist Plaintiff here.

Third, Plaintiff suggests that neglecting to furnish the payment terms of a confirmed plan may lead a reviewer of Plaintiff's credit report to conclude "that separate collection activity can occur" and that Plaintiff still owes $253.00 to TD Bank and is behind in payments in the amount of $253.00. But if such conclusions are drawn, they would not be inaccurate. Unless Plaintiff complies with the terms of her reorganization plan, separate collection efforts may in fact occur and Plaintiff's account with TD Bank remains outstanding.

Also, and in any event, it is worth noting that Plaintiff did not allege facts sufficient to support her theory that TD Bank reported misleading or inaccurate information to the CRAs. Although Plaintiff contends that her plan contains a term "that $0.00 is owed" to TD Bank or other unsecured creditors, the court is unable to locate such an explicit term in her plan documents.[3] To the contrary, section 2.12 of Plaintiff's reorganization plan states the amount of her outstanding unsecured debt is $70,428.33 and that her unsecured creditors are *expected* to receive 0% of their allowed claims. The expectation that unsecured creditors will not receive payments is something different than the allegation that nothing is actually owed. Moreover, the plan's incorporated of a

---

[3] TD Bank's request for judicial notice (Dkt. No. 27) is GRANTED. Fed. R. Evid. 201(b); <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding the court "may take judicial notice of court filings and other matters of public record").

8
Case No.: 5:16-cv-03322-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

term like "expectation" emphasizes the fact that it does not constitute a final order from the bankruptcy court on the disposition of Plaintiff's debts.

In sum, the court concludes that Plaintiff has not stated a plausible claim for violation of § 1681s-2(b).  The cause of action will therefore be dismissed on that basis.

## IV.   ORDER

Based on the foregoing, TD Bank's Motion to Dismiss (Dkt. No. 26) is GRANTED.  The FCRA claim is DISMISSED WITH LEAVE TO AMEND.  See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (holding that courts should generally permit leave to amend unless "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.").

With the dismissal of the only federal claim asserted in the Complaint, the court declines to exercise supplemental jurisdiction over Plaintiff's related CCRAA claim.  It is DISMISSED WITHOUT PREJUDICE at this time for lack of jurisdiction.  28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir.1997) (en banc).

Any amended complaint must be filed on or before **February 14, 2017**.  Plaintiff is advised that, although leave to amend has been permitted, she may not add new claims or new parties to this action without first obtaining the defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

The hearing scheduled for January 26, 2017, is VACATED.

**IT IS SO ORDERED.**

Dated:  January 24, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-03322-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS